IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| GEORGE & LYNCH, INC. | § | No. 286, 2019 |
| | § | |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| E.J. BRENEMAN, L.P., | § | C.A. No. S14C-01-006 |
| | § | S14C-04-005 |
| Defendant Below, | § | Consolidated |
| Appellee. | § | |

Submitted: December 11, 2019
Decided: December 18, 2019

Before **VALIHURA**, **VAUGHN**, and **TRAYNOR**, Justices.

### **O R D E R**

This 18th day of December, 2019, after careful consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1)    George & Lynch, Inc. ("George & Lynch") and E.J. Breneman, L.P. ("Breneman") were codefendants in a personal-injury and wrongful-death action that arose out of a single-vehicle accident on Omar Road in Sussex County. In that action, which was filed in the Superior Court, the plaintiffs alleged that the accident was caused by unsafe road conditions that were the byproduct of a road-resurfacing project, of which George & Lynch was the general contractor.

(2)     George & Lynch cross-claimed for contribution and contractual indemnity against Breneman, which was one of George & Lynch's subcontractors.

(3)     After discovery was completed and expert reports were exchanged, Breneman settled with the plaintiffs and moved for summary judgment on George & Lynch's contractual-indemnity claim.  The expert reports included an opinion from the plaintiffs' expert that, among other things, Breneman breached its duty of care in various ways.  But when Breneman settled with the plaintiffs, the plaintiffs' expert changed his opinion, submitting a supplemental report that concluded that Breneman was without fault.

(4)     Meanwhile, George & Lynch moved for summary judgment against the plaintiff.  When the Superior Court granted George & Lynch's motion, Breneman's summary-judgment motion on George & Lynch's cross-claim for indemnity was rendered moot.  The plaintiffs, however, appealed the judgment in George & Lynch's favor, and we reversed.[1]

(5)     On remand, the Superior Court granted Breneman's motion for summary judgment on George & Lynch's contractual-indemnity cross-claim.  The court ruled that George & Lynch could not rely on the plaintiffs' expert's earlier opinion that Breneman was at fault and, since it did not have its own expert to prove its claim of fault on Breneman's part, Breneman prevailed.

---

[1] *Pavik v. George & Lynch, Inc.*, 183 A.2d 125 (Del. 2018).

(6)     After that decision, George & Lynch also settled with the plaintiffs, leaving George & Lynch's cross-claims against Breneman as the only remaining claims in the case. Thereafter, George & Lynch wrote to the court with a request:

> One issue remains in the case that requires some action. The Court will recall that George & Lynch had maintained a cross-claim for contribution and common law and contractual indemnity against co-defendant, E.J. Brenneman [*sic*]. Following remand of this case from the Supreme Court, Your Honor granted E.J. Brenneman's [*sic*] Motion for Summary Judgment. While [George & Lynch's] contribution claim against E.J. Brenneman [*sic*] is now moot as a result of the settlement, the ruling could nevertheless be argued to have effect on my client's ongoing claims relating to the insurance coverage for this incident. I would therefore respectfully request a brief teleconference with the Court to address this outstanding issue.[2]

George & Lynch requested that the summary judgment order be "vacated and marked moot."[3] Breneman objected, and the Superior Court declined to vacate the order. That happened in late January 2019.[4]

(7)     According to the Superior Court docket, nothing else happened in the case until early June 2019, when the Superior Court approved a stipulation of dismissal, providing that:

> IT IS HEREBY STIPULATED AND AGREED, by and between All Parties to the above captioned matters, subject to the approval of the Court, that all claims of Plaintiffs Jennifer Pavik, Douglas Todd Pavik and Ashlee Jean Reed are dismissed with prejudice. All cross-claims are dismissed with prejudice, with the exception of cross-claims

---

[2] App. to Appellant's Opening Br. A796.
[3] Appellant's Opening Br. 2.
[4] Ex. C to Appellant's Opening Br.

asserted by George & Lynch, Inc. against E.J. Breneman, L.P. All claims by all parties have been finally adjudicated.[5]

(8) George & Lynch then appealed to this Court. Its notice of appeal specifically targeted:

> 1. The Order by Judge E. Scott Bradley dated August 10, 2018 granting E.J. Breneman, LP's Motion for Summary Judgment as to crossclaims of George & Lynch, Inc.; and
>
> 2. The Order by Judge E. Scott Bradley dated September 25, 2018, denying reargument of the Order granting Summary Judgment.
>
> The Orders were interlocutory when entered but became final following the dismissal of Plaintiff's claims and all of Defendants' remaining crossclaims on June 4, 2019.[6]

(9) George & Lynch addresses the issue of whether a substantial controversy between the parties remains in the summary of the first argument in its opening brief:

> The matter is ripe for appeal. Although *the separate settlements eliminate any direct claim that EJ Breneman and George & Lynch could assert against each other in this action*, the issue of EJ Breneman's involvement in the accident remains relevant for the collateral issue of George & Lynch's rights as an additional insured on EJ Breneman's insurance policy. If the Interlocutory Order can be used as collateral estoppel in a subsequent action by George & Lynch against EJ Breneman's insurance carrier, the issue is ripe for appeal.[7]

(10) Thus, by virtue of the settlements and as George & Lynch appears to admit, the parties no longer stand in an adversarial relationship to each other, the

---

[5] Ex. D to Appellant's Opening Br.
[6] Appellant's Notice of Appeal, No. 286, 2019 (Del. 2019).
[7] Appellant's Opening Br. 4 (emphasis added).

4

absence of which we have recognized as a "primary basis for not accepting review" of an otherwise moot matter.[8]

(11) That George & Lynch is asking for an advisory opinion is evident from its briefs. In particular, George & Lynch suggests that one alternative resolution of this appeal would be for "this Court…[to] determine that the [summary judgment] order is not appealable and therefore cannot have preclusive effect in subsequent litigation [against Breneman's insurance carrier]."[9]

(12) We note that despite George & Lynch's acknowledgement that the settlements have "eliminate[d] any direct claim that EJ Breneman and George & Lynch could assert against each other in this action,"[10] Breneman counters—by all appearances against its own interests—that "[t]he issue before the Court is not moot, because it involves a cross-claim for contractual indemnity,"[11] a claim that was not dismissed with prejudice in the June 2019 Stipulation of Dismissal. But Breneman argued below—and George & Lynch now apparently concedes—that this claim must be brought in a separate action against Breneman's insurance carrier. This

---

[8] *Tyson Foods, Inc. v. Aetos Corp.*, 809 A.2d 575, 582 (Del. 2002).
[9] Appellant's Opening Br. 16. *See also id.* at 17 ("The appeal should be granted, or the Court should conclusively state that the appeal is dismissed because this order cannot have any collateral effect in subsequent litigation.")
[10] Appellant's Opening Br. 4. This is not an isolated statement by George & Lynch. At page 13 of its opening brief, it framed the "question presented" as: "Can an appeal be taken from an interlocutory decision where no remaining claims exist between the parties to the current lawsuit, but the decision could have collateral effect on subsequent litigation?"
[11] Answering Br. 20.

Court will not render an advisory opinion simply because both parties might want us to do so. "Delaware law requires that a justiciable controversy exist before a court can adjudicate properly a dispute brought before it."[12] Where, as here, the settlement process has eliminated the adversity of the parties "such that a justiciable controversy . . . no longer exists[,] . . . [a]n adjudication [after settlement] . . . would result in an impermissible advisory opinion on a purely academic question."[13]

NOW, THEREFORE, IT IS ORDERED that the appeal is DISMISSED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[12] *Crescent/Mach I Partners, L.P. v. Dr. Pepper Bottling Co. of Texas*, 962 A.2d 205, 208 (Del. 2008) (quoting *Warren v. Moore*, 1994 WL 374333, at *2 (Del. Ch. July 6, 1994)).
[13] *Id.* at 209.